Daniel, J.
 

 The defendant as a prosecutor, had exhibited a bill of indictment for Perjury, against one Rebecca Still-well. The Grand Jury returned it “ not a true Bill.” A motion was then made that the prosecutor should pay the costs. The Court made the order accordingly, and the prosecutor appealed.
 

 It seems to us that there are two good and legal objections to the order made by the Superior Court. First, in the
 
 State
 
 vs.
 
 Lumbrick,
 
 1
 
 Law Rep.
 
 543, it was decided that the act of Assembly did not authorize the Court to order the prose
 
 *383
 
 eutor, under any circumstances, to pay the costs, on the quittal of a defendant on an indictment for an offence, the punishment of which would extend to life, limb or member; such charges were not to be considered “of an inferior nature.” The crime of perjury (at the time the act was passed which gave the Court power to make the prosecutor pay costs in certain cases.) did, in its punishment, extend to affect a member of the offender, and in some cases by the act of 1831,
 
 Rev. St. c.
 
 34, s. 52, does still extend to it. This case, therefore, is not within the act of Assembly.
 
 Secondly;
 
 when a defendant “shall be acquitted of any charge of an inferior nature, the Court may, at their discretion, order the prosecutor to pay the costs, if such prosecution shall appear to have been frivolous or malicious.”
 
 Rev. St. c.
 
 35,
 
 s.
 
 27. We think that the Legislature by this enactment intended to give the power of ordering the prosecutor to pay costs, only in those cases, where it appeared to the Court, who triédthe indictment, that the prosecution was frivolous or malicious. The Court could not be supposed to be acquainted with the evidence given before the Grand Jury; and therefore, on a return of “ not a true bill” on an indictment, it could not appear to the Court whether the prosecution had or had not been frivolous or malicious. This view is strengthened by the peculiar provision made in another section of the same act,
 
 Rev. St. c.
 
 35,
 
 s.
 
 23, by which it is directed that when an indictment shall be found by the Grand Jury, and a
 
 nolle •prosequi
 
 entered, the Court may examine whether the prosecution was. promoted on frivolous or malicious pretences, and, if so, decree that the prosecutor shall be subject to pay the costs.
 

 The judgment must be reversed.
 

 Per. Curiam, Judgment accordingly.